*852 MURGUTA, Circuit Judge,
concurring in the judgment.
I write separately because, unlike the majority, I cannot say that the California Court of Appeal’s decision that Williams’s confession was admissible under the California “rescue doctrine” was a reasonable application of New York v. Quarles, 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). Instead, although a close question, I would affirm because the California trial court was not objectively unreasonable in holding that Williams’s invocation of the right to remain silent was equivocal. See Anderson v. Terhune, 516 F.3d 781 (9th Cir.2008) (en banc).
“[T]he Supreme Court’s commitment to Miranda’s fundamental tenet — that police must ‘scrupulously honor[ ]’ a suspect’s right to remain silent by immediately ceasing questioning when the suspect invokes this right — has never wavered.” Anderson, 516 F.3d at 788 (quoting Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) (internal citation omitted) (alteration in original). In Quarles, the Supreme Court created a “public safety” exception to Miranda, allowing officers to question a suspect before giving a Miranda warning as long as their questions are “related[d] to an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon.” 467 U.S. at 659 n. 8, 104 S.Ct. 2626. In outlining the bounds of the Quarles exception, the Supreme Court stressed that it does not apply to “questions designed solely to elicit testimonial evidence from a suspect.” Id. at 659, 104 S.Ct. 2626. Nor does it apply where circumstances require no “immediate action by the officers beyond the normal need expeditiously to solve a serious crime.” Id,, at 659 n. 8, 104 S.Ct. 2626 (distinguishing Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969)). Due to the specific nature of this “narrow exception,” id. at 658, 104 S.Ct. 2626, only a limited range of applications of Quarles maybe deemed reasonable. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) (“The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.”).
The record in this case unambiguously shows that the officers’ questions had nothing to do with an objectively reasonable need to protect the police or the public from any immediate danger. The officers questioned Williams for hours, while she was uncontestedly in custody, asking general questions designed to investigate a crime and elicit incriminating statements. The investigatory nature of Williams’s interrogation bears a stark resemblance to the questioning in Orozco v. Texas, 394 U.S. 324, 325, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969), that the Quarles Court specifically denounced. 467 U.S. at 659 n. 8, 104 S.Ct. 2626.
Admittedly, this Circuit has applied Quarles to a broader range of cases than other circuits. Compare United States v. Brady, 819 F.2d 884 (9th Cir.1987), with United States v. Williams, 483 F.3d 425 (6th Cir.2007), and United States v. De-Jear, 552 F.3d 1196 (10th Cir.2009). In justifying the admission of statements under the Quarles exception even where officers lacked actual knowledge of a weapon, Brady, 819 F.2d at 888, and where there was no “pressing need for haste,” United States v. Carrillo, 16 F.3d 1046, 1049 (9th Cir.1994), we have stressed the non-investigatory nature of the questioning. Carrillo, 16 F.3d at 1049-50 (labeling as non-investigatory a “narrowly tailored” question about a weapon that called for a “yes” or “no” answer that was not followed by further questioning); Brady, 819 F.2d at 888. By holding that fair-minded jurists *853 could disagree about the application of Quarles to the lengthy and meticulous testimonial interrogation that Williams was subjected to, the majority undermines the bounds of an exception “circumscribed by the exigency which justifies it.” Quarles, 467 U.S. at 658, 104 S.Ct. 2626.
Accordingly, I concur only in the majority’s judgment and not its reasoning.